# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| BEN-U ELI REDSUN, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:15cv00490 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MR. GIBSON, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Ben-U Eli Redsun, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, seeking damages against Counsellor Gibson and Red Onion State Prison. Having reviewed the complaint, I conclude that Redsun has not stated a claim upon which relief may be granted and, therefore, will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Redsun alleges that Gibson refused to allow Redsun to make an "emergency phone call" to Redsun's family. He also alleges that Gibson "used rhetoric and propaganda during conversations" so that inmates "would think that [Redsun is] rejected by [his] family for reasons of an 'unspoken' crime, leading to risks to safety/life/etc." Specifically, Gibson allegedly "spoke loudly" asking, "what did you do to cause your family to block your calls?" and stating "Mr. Younce said that he wonders why you should be allowed a phone call when you're banned from the phone." Redsun alleges that Gibson knew that other inmates were listening to the conversation at their cell doors. Redsun argues that by not elaborating as to why Redsun was on phone restriction, Gibson put Redun's life and safety at risk and created "an atmosphere of hatred by other inmates."

To state a claim for relief under § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States

and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). As Red Onion State Prison is not a "person" subject to suit under § 1983, Redsun cannot maintain this action against the defendant prison. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890 (E.D. Va. 1992).

In addition, Redsun's allegations against Gibson fail to state a cognizable § 1983 claim. First, "[t]here is no constitutional or federal statutory right to use a telephone while in prison." *United States v. Alkire*, No. 95-7885, 1996 U.S. App. LEXIS 7021, at *1, 1996 WL 166400, at *1 (4th Cir. Apr. 10, 1996).

Further, to the extent Redsun is alleging that Gibson verbally harassed or verbally abused him, the claim fails. The Constitution does not "protect against all intrusions on one's peace of mind." *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. *See Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (verbal harassment or verbal abuse by prison officials in and of itself does not state a constitutional deprivation under § 1983).

Finally, to the extent Redsun is alleging that Gibson failed to protect him from other inmates, the claim fails. The Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). More specifically, it imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833; *Odom v. South Carolina Dep't of Corr.*, 349 F.3d 765 (4th Cir. 2003). Prison officials who are deliberately indifferent to "specific known risks of such harm," violate an inmate's Eighth Amendment right to be free from physical harm inflicted by other inmates.

*Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987) (citing *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979)). A prisoner can bring an Eighth Amendment claim to challenge harm that is certain or very likely in the future, even if the harm has not yet materialized. *See Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("That the Eighth Amendment protects against future harm to inmates is not a novel proposition . . . . It would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them."); *Woodhous v. Com. of Va.*, 487 F.2d 889, 890 (4th Cir. 1973) ("A prisoner has a right, secured by the eighth and fourteenth amendments, to be reasonably protected from constant threat of violence and sexual assault by his fellow inmates, and he need not wait until he is actually assaulted to obtain relief."). In this case, Redsun's allegations are far too vague and conclusory to demonstrate that he is incarcerated under conditions posing a known risk of harm that is certain or very likely in the future. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (a plaintiff must assert factual allegations that raise a right to relief that is "plausible on its face," not one that is speculative or merely "conceivable"). Further, Redsun has not demonstrated that Gibson was deliberately indifferent to a known safety risk. *See Farmer*, 511 U.S. at 837.

Based on the foregoing, I conclude that Redsun has failed to state a § 1983 claim upon which relief may be granted and, therefore, will dismiss his complaint without prejudice.

**ENTER**: This 14th day of April, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE